# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.                                              **CRIMINAL ACTION NO. 2:14-00111**

**SCOTT E. ELLIS**

### Defendant's Reply Memorandum in
### Support of Motion for Substitution of Counsel

Comes now the Defendant, Scott E. Ellis, by counsel, and respectfully submits this reply to the Government's Response Memorandum (Docket #26) and in support of his Motion for Substitution of Counsel (Docket #23).

1. On November 11, 2014, the Defendant filed his Motion for Substitution Counsel, raising significant issues concerning the actual, irreconcilable conflict of interest under which prior defense counsel labored and the Government's highly unusual role in that conflict. The Government's Response Memorandum, filed November 17, 2014, is remarkable for what it does *not* say. Faced with the clear facts presented in Defendant's motion, the United States merely states that it "does not agree with, nor concede to, Defendant's version of the events" — and then offers nothing more. Resp. Mem. at 1 (Docket #26). Significantly, the United States does *not*:

   o Dispute that prior counsel for the United States in this matter directed law enforcement to "give [Defendant] to Tim DiPiero";

   o Dispute that the United States was aware at that time that Mr. DiPiero was representing other closely related defendants in the same investigation, including Stephen B. Herndon;

   o Dispute that law enforcement representatives personally escorted Defendant to Mr. DiPiero's office and introduced him to his lawyer; or

- Dispute that, by no later than July 16, 2014, Defendant's counsel labored under an actual conflict of interest between his representation of Defendant and Herndon that was not subject to waiver.*

2. Nor could the United States possibly dispute the existence of an actual conflict in this case. The Sentencing Memorandum (Docket #22 in Criminal Action No. 2:14-00110) filed by the Government in Stephen Herndon's case is *prima facie* evidence of a classic conflict. The memorandum explains that after Herndon left Mountain Laurel, where he had "served as a conduit" for kickbacks paid by vendors to the general manager, Herndon "took an ownership interest with one of the vendors, Tri-State Mine Service, LLC, which was owned by Scott Ellis, and began paying kickbacks" to the general manager. *Id.* at p. 2. That business relationship between Defendant and Herndon, along with the ensuing joint payment of kickbacks on behalf of the same entity, created an unmistakable factual overlap — and conflict — between the two defendants.

3. Further, in describing Herndon's cooperation, the Government's Sentencing Memorandum states that Herndon was represented by Mr. DiPiero during his initial meeting with the prosecution, and that he was the "second one in the door" — *i.e.*, that he made it "in the door" before Defendant. *Id.* Notably, the memorandum then explains that Herndon "provided information that assisted in the cooperation of *Ellis*" and others, and that "[t]his *information provided leverage to induce guilty pleas from those individuals*." *Id.* at p. 3 (emphasis added).

4. It is difficult to fathom how the Government could believe that the same counsel could represent Client A in *inducing a guilty plea* from Client B without laboring under an

---

* In an effort to avoid undue surprise and present a complete record at the hearing in this matter, the undersigned has sent counsel for the United States a written request for information concerning the manner in which Defendant obtained his prior counsel and the conflict under which counsel labored. Counsel for the Defendant has requested a response from the Government by December 1, 2014.

impermissible conflict. *See Hoffman v. Leeke*, 903 F.2d 280, 286 (4th Cir. 1990) (finding actual conflict where "Hoffman was in the unacceptable position of having his own attorney help the state procure a witness against him"). Moreover, the conflict only worsened during the plea negotiation phase. Herndon and Defendant, along with Mr. DiPiero, signed their plea agreements on May 1, 2014, and May 2, 2014, respectively. Yet, despite Defendant's claim that Herndon was the more culpable party, Herndon received a better Sentencing Guideline agreement (an offense level 18, compared to Defendant's level 20) — and Herndon was required to pay less in forfeiture ($132,000, compared to Defendant's $215,355.85). *Compare* Plea Agreement (Docket #14 in Criminal Action No. 2:14-00110), *with* Plea Agreement (Docket #13 in Criminal Action No. 2:14-00111).

5. The only other component of the Government's Response Memorandum in this case is to raise a red herring concerning a potential conflict between the undersigned's representation of Defendant and his representation of Ronald Barnette in Criminal Action No. 2:14-00114. The Government's acknowledgment is unfortunately ironic given its willing participation in the creation of Mr. DiPiero's conflict. More importantly, it is a red herring because the United States concedes that the undersigned can represent both Defendant and Mr. Barnette, so long as the two defendants enter into any applicable conflict waivers. *See* Resp. Mem. at 2. As Defendant explained in his motion to substitute counsel, Defendant and Mr. Barnette have expressly waived any potential conflict, and counsel will tender the written conflict waivers to the Court at the hearing in this matter. In addition, both Defendant and Mr. Barnette will be available for a colloquy with the Court concerning their respective waivers.

6. Finally, the United States explains in its Response Memorandum that it "disagrees" with Defendant's assertion that he and Mr. Barnette were not engaged in any alleged

3

criminal conduct together. Resp. Mem. at 1. The Government adds that it anticipates addressing this issue in a "sentencing memorandum … regarding Defendant's acceptance of responsibility." *Id.* Defendant was only pointing out the basic fact — confirmed by the stipulation of facts and charging instruments pertaining to Defendant and Mr. Barnette — that there is no direct, factual overlap between the Defendant's "structuring" / "Rebuild Kickback Scheme" plea and Mr. Barnette's false statement charge concerning the "Miner/Bolter Rebuild Kickback Scheme." Moreover, given Defendant's early entry into his plea agreement, his signed stipulation of facts, his statements under oath at his plea hearing, and his cooperation (as set forth in the Government's Motion to Continue Sentencing [Docket #19]), there is simply no good-faith basis for challenging Defendant's acceptance of responsibility for his offense. *See* U.S.S.G. § 3E1.1; *see United States v. Divens*, 650 F.3d 343, 346-347 (4th Cir. 2011) (constraining the government's discretion under § 3E1.1(b) in seeking a third-level acceptance of responsibility reduction).

7. On the contrary, it appears that the United States may intend to attempt to penalize Defendant for exercising his Sixth Amendment rights to conflict-free counsel of his choice. To the extent that is what the Government intended to communicate via its Response Memorandum, Defendant objects — and respectfully asks this Court to preclude the United States from any further interference with Defendant's selection of retained counsel of his choice.

WHEREFORE, Defendant Scott E. Ellis respectfully requests that this Court grant his motion for substitution of counsel and enter such further relief as the Court deems proper.

Respectfully submitted,

                                                            **Scott E. Ellis,**
                                                            **By Counsel.**

/s/Michael B. Hissam
Michael B. Hissam (WVSB #11526)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
mhissam@baileyglasser.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:14-00111

**SCOTT E. ELLIS**

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2014, I filed the foregoing **Defendant's Reply Memorandum in Support of Motion for Substitution of Counsel** using the Court's CM/ECF system, which will cause a copy to be served upon the following:

> Meredith George Thomas
> Assistant United States Attorney
> Robert C. Byrd Courthouse
> 300 Virginia Street East, Suite 4000
> Charleston WV 25301
>
> J. Timothy DiPiero
> DiTrapano Barrett DiPiero McGinley & Simmons, PLLC
> 604 Virginia Street, East
> Charleston, WV 25301

> /s/Michael B. Hissam
> Michael B. Hissam (WVSB #11526)