IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 2:14-00111

**SCOTT E. ELLIS**

## SENTENCING MEMORANDUM

Comes now the United States of America, by Meredith George Thomas, Assistant United States Attorney for the Southern District of West Virginia, and files this Sentencing Memorandum.

**I.  Defendant's Role in the Offense**

Defendant Scott Ellis was prosecuted as part of an investigation focused on corporate fraud, kickbacks and bribery at Mountain Laurel Mining Complex ("Mountain Laurel"), owned by a subsidiary of Arch Coal, Inc.[1] Ellis was the third information filed in a series of prosecutions. Ellis is being sentenced for his role in structuring cash transactions in an effort to evade the reporting requirement.

Ellis participated in a bid-rigging scheme with other vendors, and in exchange for the winning bid on certain rebuild jobs, he paid generally ten percent in cash kickbacks to the general manager at

---

[1] Related cases include the prosecutions of Gary Roeher, Stephen Herndon, Alvis Porter, James Evans, III, Ronald Barnette, David Herndon, Chadwick Lusk, David Runyon and Gary Griffith.

Mountain Laurel, David Runyon, through Mountain Laurel warehouse manager Stephen Herndon. To generate the payments, Ellis structured cash withdrawals from various personal and business accounts in the amounts of $10,000 or less. When Stephen Herndon left employment Mountain Laurel, he took an ownership interest with Ellis's company, Tri-State Mine Service, LLC, and together they paid kickbacks to Runyon for rebuild work.

To generate the cash to pay these kickbacks, Ellis structured $163,521.25 between early 2009 through approximately March 2011. Thereafter, Ellis, along with his business partner Stephen Herndon, structured $183,835 between April 1, 2011 and September 30, 2013.

## II. 3553(a) Argument

The nature and circumstances of Ellis's structuring conduct warrant a sentence within the advisory guideline range. Ellis's conduct as a vendor at Mountain Laurel contributed to the "culture of corruption" that this Court has identified, which extended over a number of years. Not only did Ellis pay bribes, he did so while participating in admitted bid-rigging scheme. Ellis chose to participate in the scheme at Mountain Laurel in order to receive work, and he further elected to deepen his ties to Mountain Laurel by partnering with Stephen Herndon once Herndon left employment at Mountain Laurel. Unsurprisingly, thereafter the company was awarded even more work at Mountain Laurel. His offense conduct of

2

structuring is directly related to the bribes and bid-rigging, and the structuring to which Ellis pled guilty was, essentially, a means to an end insofar as it allowed him, and later, Stephen Herndon, to generate the cash to pay the kickbacks at Mountain Laurel.

Bid rigging and bribes are more than just money changing hands between the payor and the recipient. Rigged bids harm the company paying for the work to be done. That company, here ultimately Arch Coal through its wholly-owned subsidiary, failed to get the benefit of an arm's length transaction and a fairly-determined best price for the work, decided by a competitive bid. When a bid-rigging kickback scheme exists, there is no true competition, as the lowest-priced bidder is predetermined, and those vendors who bid higher amounts than the "winning" bid are merely placeholders.

Furthermore, the kickbacks given by vendors and received by a company's employees deprive the employees' company of the honest services of those employees and place the company at the risk of economic harms. These potential economic harms include, but are not limited to, divided loyalties, wherein an employee is no longer solely interested in the well-being of his company, but has an interest in maintaining and protecting the ongoing relationship between the vendor and the company.

Yet the company unknowingly paying the winning vendor of a manipulated bid process or whose employee is receiving kickbacks is

3

not the only harmed entity.  In a bid rigging/kickback scheme, those potential vendors that are not interested in cheating, and who play by the rules, simply do not get an opportunity to even compete for work, as they have not paid to play.  Honest vendors become losers as well.

The United States respectfully requests that the Court take these factors into consideration at sentencing.

```
                                Respectfully submitted,


                                R. BOOTH GOODWIN II
                                United States Attorney

                          By:
                                /s/Meredith George Thomas
                                MEREDITH GEORGE THOMAS
                                Assistant United States Attorney
                                WV Bar No.10596
                                300 Virginia Street, East
                                Room 4000
                                Charleston, WV 25301
                                Telephone:  304-345-2200
                                Fax:  304-347-5104
                                Email: meredith.thomas@usdoj.gov
```

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 15th day of April, 2015, to:

>Michael B. Hissam
>Bailey & Glasser LLP
>209 Capitol Street
>Charleston, West Virginia 25301

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email:meredith.thomas@usdoj.gov